UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLONDA BENNETT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AT&T SERVICES, INC.,<br><br>　　　　Defendant. | Case No. 20-cv-03581-JST   (SK)<br><br>**ORDER ON PLAINTIFF'S MOTION TO QUASH AND TO COMPEL**<br><br>Regarding Docket Nos. 65, |

The parties filed a joint discovery letter brief on September 14, 2021. In the letter brief, Plaintiff moves to quash the subpoenas issued to her medical providers. (Dkt. Nos. 65, 67.) Defendant issued six subpoenas to medical providers for Plaintiff: three to Sutter entities in different locations, one to a medical doctor, one to Stanford, and one to a dentist. (Dkt. No. 67.) The subpoenas seek comprehensive records regarding Plaintiff's history of medical conditions, testing, and billing, dating back to January 1, 2017, a year and a half before Defendant terminated Plaintiff's employment. Plaintiff claims that she has suffered nausea, sleep deprivation, elevated blood pressure, nosebleeds, bruxism, TMJ, permanent tinnitus, severe migraines, depression and anxiety, and has disturbing dreams on a frequent basis, and she takes a number of medications. (Dkt. No. 65 (citing Plaintiff's Interrogatory Responses 4, 5 and 6).) Plaintiff complains that Defendant issued these subpoenas to medical providers, some of whom Plaintiff did not identify in litigation but whom Defendant discovered by unknown means. (Dkt. No. 65.)

Plaintiff concedes that some medical records are relevant because she claims emotional distress as part of her damages. There is no doubt that Plaintiff has placed her emotional distress damages at issue, and Defendant is entitled to learn if her myriad of medical problems – and not the loss of her job – caused her emotional distress. *See*, *e.g.*, *Doe v. City of Chula Vista*, 196 F.R.D. 562, 568 (S.D. Cal. 1999) (allowing defendant to "have access to evidence" that the

plaintiff's "emotional state was caused by something else").  Although conceding general relevance, Plaintiff here argues that she should have the ability to have the "first look" at her medical records from third parties in order to redact any material that she believes is not relevant to the litigation.  In support, Plaintiff cites a procedure in *Tamburri v. SunTrust Mortgage Inc.*, 2013 WL 942499 (N.D. Cal. March 11, 2013), in which the court ordered disclosure of medical evidence but allowed the plaintiff to review them, redact any irrelevant materials, and produce a log of redacted materials to the defendant.  The Court declines to follow the novel procedure described in *Tamburri* and DENIES the motion to quash the subpoenas to third party medical providers.  Allowing Plaintiff to examine and redact her records before Defendant can review them is not a viable process.  Especially disturbing is that Plaintiff did not disclose all of her medical providers to Defendant, and that fact supports Defendant's full access to her medical records without Plaintiff's screening.  Although Plaintiff has legitimate concerns in maintaining her privacy, there is a protective order (Dkt. No. 27) to maintain confidentiality of records, and that protective order was designed to balance Plaintiff's right to privacy with Defendant's need for the information.

Plaintiff also seeks additional information in specific requests.

<u>Request for Production of Documents 1, Set 3</u>

Plaintiff seeks production of a "Report Preview" for Global Front Door projects with headings that would make the report comprehensible.  Defendant claims that it produced the documents in the format in which they were maintained, as required by Federal Rule of Civil Procedure 34(b)(2)(E)(i).  The Court DENIES Plaintiff's request to force Defendant to create a new report.

<u>Request for Production of Documents 28, Set 1</u>

Plaintiff seeks documents that show the employees who were evaluated as part of the same reduction in force in which Plaintiff lost her job.  The Court GRANTS the motion to compel these documents.  Defendant must produce these documents by September 30, 2021.

<u>Request for Production of Documents 7, 8, 9, 10, Set 8</u>

Plaintiff seeks documents in four requests for production of documents, but Defendant

2

claims that it conducted a reasonable search and cannot find the documents Plaintiff seeks. Plaintiff claims that she can provide a declaration regarding the location of the documents and the identities of the people who maintained the documents. The Court DENIES this motion to compel WITHOUT PREJUDICE. If Plaintiff is aware of the location of these documents, Plaintiff's counsel should meet and confer with Defendant to make sure that Defendant searches in the appropriate areas.

**IT IS SO ORDERED**.

Dated: September 22, 2021



SALLIE KIM
United States Magistrate Judge